DOROTHY L. GRAMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grams v. Commissioner
Docket No. 2378-79.
United States Tax Court
T.C. Memo 1980-528; 1980 Tax Ct. Memo LEXIS 57; 41 T.C.M. (CCH) 448; T.C.M. (RIA) 80528; November 26, 1980, Filed *57 Dorothy L. Grams, pro se. Benjamin A. De Luna, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: This case was submitted on fully stipulated facts and exhibits which are accepted and made basic herein. The Commissioner determined a deficiency against petitioner based on the Commissioner's determination that a distribution from a Scholarship Plan by petitioner's employer which resulted in a benefit to petitioner's daughter should have been included in petitioner's taxable income. This resulted in a deficiency of $573 for 1976. The stipulated facts that we think are important herein are as follows: At the time the petitioner filed her petition, she resided at 4676 West Ponds Drive, Littleton, Colorado. The Elwood M. Brooks Scholarship Fund was created on August 17, 1971. The specific purpose for which the Elwood M. Brooks Scholarship Fund was created was to provide educational funds beyond high school to children of employees of the Central Bank and Trust Company who have been continuously employed by the bank for ten years or more. In the spring of 1974, the Elwood M. Brooks Scholarship Fund was modified to the Elwood M. Brooks *58 Scholarship Plan (Scholarship Plan). The purpose of the Scholarship Plan after 1974, and during 1976, remained the same as that of the Elwood M. Brooks Scholarship Fund when it was created in 1971. For the school year, September 1, 1975 to August 31, 1976 and September 1, 1976 to August 31, 1977, the petitioner's daughter, Michele A. Grams, applied to the Scholarship Plan for funds. By September 1, 1975, the petitioner had been employed by the Central Bank and Trust Company for more than ten years and was covered by the Scholarship Plan. During the calendar year 1976, the Scholarship Plan paid $1,749.19 to the University of Northern Colorado for tuition, fees, room and board, and bookstore charges incurred by Michele A. Grams. The Scholarship Plan also distributed $437.30 to the petitioner's tax withholding account for 1976. The $2,186.49 distribution from the Scholarship Plan was reported by the petitioner's employer on the Wage and Tax Statement, W-2, for 1976 under wages, tips and other compensation. On her 1976 return, the petitioner contended that the $2,186.49 was not taxable. On the basis of the above, we find the following. The $2,186.49 ($1,749.19 educational *59 expenses and $437.30 income tax withholdings) distribution from the Scholarship Plan was generated by the petitioner in connection with her performance of services for the Central Bank and Trust Company and was, therefore, compensatory in nature and includable in her gross income. We have no doubt, on the basis of the record before us, that the amounts paid from the petitioner's employer's educational fund for the education of petitioner's daughter was in the nature of earned compensation by the petitioner and taxable as such to her. That is what the Commissioner determined on the basis of , affd. per curiam and . We think no further elucidation is necessary. Other peripheral issues such as the tax status of the Scholarship Plan are beside the point and have no bearing on the core issue. Decision will be entered for the respondent.